# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-089-RJC-DCK

| | |
|---|---|
| SHARON M. BROOKS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GASTON COUNTY BOARD OF )<br>EDUCATION, )<br>)<br>Defendant. )<br>_____ ) | **ORDER AND MEMORANDUM<br>AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To File Second Amended Complaint" (Document No. 18). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and, applicable authority, the undersigned will <u>grant</u> the motion. The undersigned will also recommend that Defendant's "Motions To Dismiss" (Document No. 6) be denied as moot, without prejudice to re-file, and that Defendant's "Motion To Strike" (Document No. 13) be denied as moot.

## BACKGROUND

Sharon M. Brooks ("Plaintiff") filed her initial "Complaint" (Document No. 1-1) on or about September 20, 2011, and an "Amended Complaint" (Document No. 1-2) on or about February 3, 2012, in the Superior Court of Gaston County, North Carolina. (Document No. 1). Gaston County Board of Education ("Defendant") filed its "Notice Of Removal" (Document No. 1) to this Court on February 10, 2012. The "Amended Complaint" asserts claims for: race discrimination; age discrimination; and wrongful discharge. (Document No. 1-2).

On February 13, 2012, the Court allowed Defendant an extension of time to respond to the

Amended Complaint. (Document No. 5). Defendant's "Motion To Dismiss" (Document No. 6) was then filed on March 9, 2012.

On March 23, 2012, Plaintiff made a timely request for an extension of time to respond to the pending motion to dismiss, which the Court also allowed. On April 10, 2012, Plaintiff filed a "Second Amended Complaint" (Document No. 10), as well as "Plaintiff's Memorandum Of Law In Opposition To Defendant's Motion To Dismiss" (Document No. 11).

On April 17, 2012, Defendant filed its "Reply Brief In Support Of Motion To Dismiss" (Document No. 12) and a "Motion To Strike" (Document No. 13) Plaintiff's Second Amended Complaint. On May 11, 2012, "Plaintiff's Response To Defendant's Motion To Strike" (Document No. 17) and "Plaintiff's Motion To File Second Amended Complaint" (Document No. 18) were filed. Response and reply briefs regarding "Plaintiff's Motion To File Second Amended Complaint" (Document No. 18) were timely filed. (Document Nos. 20-21). Defendant, however, has failed to file a reply brief in support of its "Motion To Strike" (Document No. 13), or notice of intent not to reply, and the time to do so has lapsed. See Local Rule 7.1(E).

As such, the pending motions are now ripe for review.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so

requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008), citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); and see, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

Plaintiff asserts that her first "Amended Complaint" filed on February 3, 2012, in state court, "merely corrected the name of the Defendant." (Document No. 19, p.1). In seeking leave to file a Second Amended Complaint, Plaintiff states that such amendment will "more fully set forth the Plaintiff's facts and theories" and "clarif[y] and elaborate[ ] on facts and claims raised in Plaintiff's Complaint and address[ ] concerns raised by Defendant's Motion to Strike" as well as address "concerns raised in Defendant's Motion to Dismiss." (Document No. 18; Document No. 19, p.2).

In short, Defendant opposes allowing Plaintiff to amend because she "cannot cure the deficiencies in her complaint" and because allowing such an amendment would "'wreak havoc' on the judicial system." (Document No 20, pp.3-5).

The undersigned notes that there has been no initial attorney's conference in this matter, and no discovery has taken place thus far. Furthermore, the undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. Moreover, the undersigned does not find that allowing Plaintiff to amend her complaint at this early stage of the litigation will "wreak havoc" on the judicial system or the management of

3

this case, or unduly prejudice Defendant. Based on the foregoing, the undersigned finds that justice requires that leave be given for Plaintiff to file a Second Amended Complaint.

Because a Second Amended Complaint will supersede the previous Complaint, the undersigned will also respectfully recommend that Defendant's "Motions To Dismiss" (Document No. 6) be denied as moot, and that Defendant's "Motion To Strike" (Document No. 13) be denied as moot. This recommendation is without prejudice to Defendant filing a renewed motion to dismiss the Second Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule .... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc., 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To File Second Amended Complaint" (Document No. 18) is **GRANTED**. Plaintiff shall file a Second Amended Complaint

4

on or before **June 21, 2012**.[1]

**IT IS FURTHER RECOMMENDED** that Defendant's "Motions To Dismiss" (Document No. 6) be **DENIED AS MOOT**, and that Defendant's "Motion To Strike" (Document No. 13) be **DENIED AS MOOT**.

**TIME FOR OBJECTIONS**

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad Jr.

**SO ORDERED AND RECOMMENDED**.

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

Signed: June 19, 2012

David C. Keesler
United States Magistrate Judge